UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONSTON MARLAND,

      Petitioner,

v.                                                              Case Number: 07-11628
                                                                Honorable Patrick J. Duggan

THOMAS K. BELL,

      Respondent.

_____/

**<u>OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS
CORPUS AND GRANTING, IN PART, CERTIFICATE OF APPEALABILITY</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 27, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT COURT JUDGE

Petitioner Jonston Marland ("Petitioner"), a state inmate currently incarcerated

at the Carson City Correctional Facility in Carson City, Michigan, has filed a pro

se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting

that he is being held in violation of his constitutional rights. The state charged Petitioner

with armed robbery, Mich. Comp. Laws Ann. § 750.529; first-degree home invasion, *id.* §

750.110a(2); unlawfully driving away an automobile, *id.* § 750.413 ("UDAA"); and third-

degree fleeing a police officer, *id.* § 750.479a(3). Petitioner pled no contest to the latter

two counts. Following a bench trial, a Wayne County Circuit Court judge found

Petitioner guilty of first-degree home invasion and unarmed robbery, *id.* § 750.530.  The state trial court sentenced Petitioner to concurrent terms of one to five years for the UDAA offense and fleeing a police officer.  It sentenced Petitioner as a fourth-degree habitual offender, *id.* § 769.13, to concurrent terms of twelve to thirty years on the home invasion and robbery counts.  In his habeas petition, Petitioner contends that his plea and his decision to waive his right to a jury trial were unknowing and involuntary and that his trial counsel was constitutionally ineffective.  For the reasons set forth below, this Court denies the petition for a writ of habeas corpus.

## I.  Factual and Procedural Background

During the early morning hours of January 15, 2005, James Lewis, an elderly man, heard a distinctive knock on his door.  He opened the door because he recognized the "shave-and-a-haircut" knock as that of Petitioner who, for a period of eight to ten years, delivered meat to Lewis's home and who Lewis considered a friend.  Petitioner would also come to Lewis's house after the bars closed to use Lewis's bathroom; consequently, it was not unusual for Petitioner to go to Lewis's house late at night.  Upon opening the door, Lewis was attacked by an assailant who squirted liquid in his eyes, forced him to the ground and taped his arms and legs together.  The assailant then ransacked Lewis's home, stole approximately $240 in cash and drove away in Lewis's truck.  Lewis identified the assailant as Petitioner.

After charging Petitioner, the prosecutor made a plea offer of three to fifteen years, but he later retracted it because the victim was elderly and replaced it with an offer of a

minimum fifteen years.  Petitioner rejected the offer.  Because of the strength of the case against Petitioner, his trial counsel advised him to plead to the less serious charges of UDAA and fleeing a police officer, and to try the home invasion and armed robbery charges.  Trial counsel also advised Petitioner to waive jury trial.  During the bench trial, counsel's primary strategy was to get the armed robbery charge reduced to unarmed robbery.  He did not contest that his client was Lewis's assailant.  Trial counsel persuaded the court to convict on unarmed, rather than armed, robbery.

On April 21, 2005, the court sentenced Petitioner as a fourth-degree habitual offender to a term of twelve to thirty years on all counts.[1]  After sentencing, Petitioner filed a claim of appeal and requested appointed counsel, who was appointed on May 11, 2005.  Appellate counsel filed a motion to withdraw on October 7, 2005, in which counsel asserted that the factual basis for the no contest plea and the bench trial verdict were sufficient and uncontested, and that there were no sentencing issues to appeal.  The Michigan Court of Appeals denied the motion and ordered appellate counsel to address "whether the trial court complied with MCR 6.402(B), and whether any noncompliance requires relief particularly in light of defendant's assertion prior to commencement of the trial that defense counsel advised him that if he exercised his right to a jury trial he would

---

[1]The court later modified the sentence to correct for the fact that Petitioner was not convicted as a fourth-degree habitual offender on the counts to which he pled.  The judge re-sentenced Petitioner on the UDAA and the eluding a police officer charges to one to five years.

3

be sentenced more harshly." *People v. Marland*, No. 262683 (Mich. Ct. App. Dec. 16, 2005).

Appellate counsel complied with the order and filed a timely brief raising the single issue. Petitioner filed a supplemental brief which raised the following issues:

I.     The trial court, prosecutor, and defense attorney's failure to inform Marland of the critical elements of the offense to which he plead in relation to the law violates due process and renders the no contest plea involuntary.

II.    Trial counsel was constitutionally ineffective in violation of the Sixth Amendment where he instructed Marland to forgo a jury trial because the court would not like to have the case go to a jury.

III.   Marland's waiver of his right to a jury trial was invalid due to the fact that he made the decision to waive the jury trial based on counsel's advice that he would be punished by the court for exercising that right.

The Michigan Court of Appeals discussed only the jury waiver issue and affirmed his convictions. *People v. Marland*, No. 262683, 2006 WL 3207285 (Mich. Ct. App. Nov. 7, 2006). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, raising the same issues he raised in the Court of Appeals. The Michigan Supreme Court affirmed. *People v. Marland*, 477 Mich. 1033, 727 N.W.2d 607 (2007). Petitioner filed a timely petition for a federal writ of habeas corpus on the same grounds as he raised in the state appellate courts.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is applicable to Petitioner's request for habeas relief, provides in relevant part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under Section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 529 U.S. at 413, 120 S. Ct. at 1523.

**III. Knowing and Intelligent No Contest Plea**

Petitioner claims that his no contest plea to the UDAA and fleeing a police officer charges was involuntary because he was not informed of the nature of the charges.  The Michigan Court of Appeals did not address this claim, which Petitioner raised in his supplemental brief.  Under these circumstances, the pertinent habeas inquiry is whether the result of the state court decision is "contrary to clearly established Supreme Court precedent."  *Bugh v. Mitchell*, 329 F.3d 496, 508 (6th Cir. 2003).

"A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States,* 523 U.S. 614, 618, 118 S. Ct. 1604, 1609 (1998).  A plea is voluntary and intelligent if the accused understands the nature of the charges against him and the constitutional protections that he is waiving.  *See Henderson v. Morgan*, 426 U.S. 637, 645 n.13, 96 S. Ct. 2253, 2257 n.13 (1976).  The state bears the burden of showing that the petitioner's plea was voluntary, intelligent, and knowing.  *Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds by Bradshaw v. Stumpf*, 545 U.S. 175, 125 S. Ct. 2398 (2005).   When a petitioner "brings a federal habeas petition challenging his guilty plea, the state generally satisfies its burden by producing a transcript of the state court proceedings" showing that the plea was made voluntarily.  *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  At that point, "[t]he factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness," *id.*, and "[a] habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea

colloquy, is valid." *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 749 (E.D. Mich.

2005).

The record reflects that Petitioner understood the nature of the UDAA and fleeing

a police officer charges.  After addressing some of Petitioner's concerns regarding his

attorney and the conduct of the prosecutor's office, the following exchange took place:

> TH ECOURT [sic]: Okay.  Sir, all right, you're still under oath to tell the
> truth, I already swore you.  It's your intention then, to tender a plea of guilty
> to the count of unlawfully driving away an automobile which carries a
> statutory maximum penalty of five years in prison; and also, fleeing an[d]
> [e]luding a police officer which carries a statutory maximum penalty of five
> years in prison; and then, we will proceed with the waiver trial regarding
> the armed robbery and the home invasion, first degree.  Is that your
> understanding, sir?
>
> THE DEFENDANT: I haven't, I haven't even spoke to my, I don't even
> know what's going on there.  I haven't even talk[ed] to my lawyer about
> what's going on.
>
> THE COURT: Sir –
>
> THE DEFENDANT: It's beyond me.
>
> THE COURT:  – you can do that or we can just go to trial on everything.
> So, what do you want to do.
>
> THE DEFENDANT: You ask me what do I want to do.  I don't know, I
> guess so.
>
> THE COURT: Well, I don't want you to plead guilty to something you're
> not guilty [of].  So, if you don't want to plead guilty to that and make the
> trial a little shorter, then, we'll proceed to trial and I'll make a
> determination as to whether or not you committed those two crimes.
>
> MR. CHEDRAUE [defense counsel]: We apprec – I think it would be an
> easier and better way, Your Honor, if the court make a decision on the –

THE COURT: All right.

MR. CHEDRAUE:  – the totality.

THE COURT: All right.  We'll proceed to trial on al[l] four counts.

THE DEFENDANT: Yes, I'll plead guilty, your Honor.  I don't, I don't –

THE COURT: Well –

THE DEFENDANT: I'll plead guilty.

THE COURT: Do you want to talk to your attorney for a minute?

THE DEFENDANT: Is that possible?

THE COURT: Right now, there he is, yes.

From about 11:26 am until about 11:27 am

(Counsel and defendant conferred.)

MR. CHEDRAUE: At this time, at this time he wishes to plead to the, those two prior to the case and continue with the trial.

THE COURT: Okay.  All right.  Now, the prosecutor is fil[l]ing out a plea form in regards to that; then, you'll sign it and I'll give you your rights and, then, we'll proceed.

From about 11:27 am until about 11:28 am

(There was a pause in the proceedings.)

THE COURT: Did he sign that?

MR. CHEDRAUE: Yes.

(3/23/05 Tr. at 12-14.)  The trial court proceeded to inform Petitioner of the rights he was

waiving by pleading guilty; Petitioner indicated that he understood.  (*Id.* at 14-15.)  Both

8

the state and defense counsel agreed that the court had complied with the Michigan Court

Rule stating the requirements for taking a voluntary and intelligent plea.  (*Id.* at 15.)  The

court then asked Petitioner if he had been at Lewis's home on the night in question and

driven away in Lewis's vehicle.  Petitioner responded that he did not recall because he

had been under the influence of drugs and alcohol.  (*Id.* at 15.)  Due to his intoxication,

the parties agreed that he would lodge a no contest plea in lieu of a guilty plea.  (*Id.* at

16.)  The trial court then requested that the prosecutor lay the factual basis for the plea

based on the police report or the complaint:

> THE COURT: All right.  Could you please place a factual basis on the record?
>
> MR. WOODYARD [prosecutor]: Yes, your Honor.  It's alleged that on or about the date of January 15th of 2005, at approximately 1:20 in the morning, the defendant did take the vehicle owned by the complainant in this matter, Mr. James Lewis; . . . the defendant took possession of the vehicle and that was done without Mr. Lewis' permission, and that the defendant intended to do so.  In addition, in the terms of fleeing and [e]luding, Your Honor, it's alleged that during the, during the commission of the unlawful driving away of an automobile that Mr. Lewis was signaled by a police officer who was performing his lawful duties –
>
> THE COURT: Mr. who?  Who was signaled?
>
> MR. WOODYARD: Mr. Marland.
>
> THE COURT: Okay.
>
> MR. CHEDRAUE: You said Lewis the first time.
>
> MR. WOODYARD: Mr. Lewis' car, Mr. Marland was driving.  And at the time the police officer . . . signaled Mr. Marland by turning on his overhead flashers on a fully marked vehicle and the defendant drove away from the

police officer without stopping and that the street on which this took place
had a speed limit of 35 miles an hour or less.

THE COURT: All right.  You stipulate to that?

MR. CHEDRAUE: Yes, your Honor.

THE COURT: I'll accept the plea regarding the unlawfully driving away an
automobile and the fleeing [a] police officer, third degree . . . .

(*Id.* at 16-17.)

There is nothing in the record to suggest that Petitioner did not understand the

nature of the charges to which he pled.  The record reveals that Petitioner understood

what he was accused of but that he claimed he did not recall the night in question because

he was intoxicated.  The state court decisions in this case on this issue are not contrary to

nor do they involve an unreasonable application of Supreme Court precedent.  *See*

*Henderson*, 426 U.S. at 645 n.13; 96 S. Ct. at 2257  n.13.  Petitioner is not entitled to

habeas relief on this claim

## IV.  Waiver of Jury Trial

Petitioner next contends that his waiver of his right to trial by jury on the robbery

and home invasion charges was invalid because it was coerced by his attorney's statement

that Petitioner would receive a harsher sentence if he did not waive a jury trial.  "Trial by

jury is fundamental to American criminal jurisprudence."  *United States v. Martin*, 704

F.2d 267, 271 (6th Cir. 1983).  A criminal defendant charged with serious offenses has a

constitutionally protected right to a jury trial.[2]  *Duncan v. Louisiana*, 391 U.S. 145, 157-

58, 88 S. Ct. 1444, 1452 (1968).  A criminal defendant may waive this right, however, if

four conditions are met: "First, the waiver must be in writing.  Second, the government

attorney must consent to the waiver.  Third, the trial court must approve the waiver.

Fourth, the waiver must be voluntary, knowing and intelligent."  *Martin*, 704 F.2d at 271.

To satisfy the fourth condition, the waiver must not be the product of coercion and the

criminal defendant must have the ability to understand the right and some knowledge of

what the right comprises, though technical knowledge of the jury trial right is not

required.  *Id.* at 273.

      In this case, Petitioner contests only the fourth condition to the waiver.  The

Michigan Court of Appeals found that Petitioner executed the waiver voluntarily because

he represented on the record that his waiver was not the product of threats or promises

and because it did not view counsel's statement that Petitioner would receive a longer

sentence if he chose to proceed with a jury trial as coercive.  *Marland,* 2006 WL 3207285

at *1 (citing *People v. Godbold*, 230 Mich. App. 508, 512, 585 N.W.2d 13 (1998)).

Analyzing an identical issue in *Godbold*, the Michigan Court of Appeals held that "[t]he

advice defense counsel gave defendant was based on reality and is neither uncommon nor

improper."  *Godbold*, 230 Mich. App. at 513, 585 N.W.2d at 16.  The Michigan Court of

Appeals explained:

---

[2]There is no dispute in this case that Defendant was charged with "serious offenses."

11

> To be sure, informing a defendant that he is likely to be convicted in either a jury trial or a bench trial, that most judges, including the one presiding in the defendant's case, will provide a sentence concession to a defendant who elects a bench trial, and that the particular judge hearing the case will provide a fair trial, might, indeed, cause the defendant to waive the constitutional right to be tried by a jury. That advice, however, is not the equivalent of a warning that the defendant will be penalized for opting for a jury trial, and it does not render a resulting bench trial involuntary or the product of coercion. Such a waiver is informed, not "coerced."

*Id.* at 513-14, 585 N.W.2d at 16.

The Supreme Court has recognized that there may be tactical reasons for forgoing a jury trial in favor of a bench trial. *See Adams v. United States e. rel. McCann*, 317 U.S. 269, 278, 63 S. Ct.236, 241 (1942) ("And since trial by jury confers burdens as well as benefits, an accused should be permitted to forego its privileges when his competent judgment counsels him that his interests are safer in the keeping of the judge than of the jury."). The Michigan Court of Appeals decision that Petitioner's waiver was not coerced was based upon a reasonable determination of the facts in light of the evidence presented and is consistent with federal law. *See Sowell v. Bradshaw*, 372 F.3d 821, 835 (6th Cir. 2004) (concluding that a Petitioner's decision to waive his right to a jury trial in a capital case was not unknowing or involuntary where the waiver was made on the advice of defense counsel that a three-judge panel would not impose the death penalty)[3]; *see also Hibdon v. United States*, 204 F.2d 834, 839 (6th Cir. 1953) (finding coercion where *the*

---

[3]After discussing Sowell's reliance on the advice of his attorney, the Sixth Circuit concluded, "Sowell took a litigation risk and lost; these facts alone do not create a constitutional violation." 372 F.3d at 385. This outcome was not altered by the fact that Sowell "decided to waive solely because of [counsel's] recommendation." *Id.* at 837.

*court* advised defendant to waive his right to unanimous jury verdict but suggesting that, if advice had come from *defense counsel*, it would not have been coercive).  Petitioner is therefore not entitled to habeas relief on this claim.

## V.  Ineffective Assistance of Counsel

In a related argument, Petitioner contends that his attorney was constitutionally ineffective for advising him to waive his right to a jury trial because of the likelihood that the court would impose a lighter sentence after a bench trial.  The Sixth Amendment guarantees the accused in a criminal proceeding the right to the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 684, 104 S. Ct. 2052, 2063 (1984). To establish ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable.  *Id.*, 466 U.S. at 687, 104 S. Ct. at 2064. Petitioner "must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" *Id.*, 466 U.S. at 689, 104 S. Ct. at 2065; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 481, 120 S. Ct. 1029, 1037 (2000) (noting that, even when making strategic choices, counsel's conduct must be reasonable).

As discussed above, defense counsel's advice to waive a jury trial was a tactical decision.  The record reflects that, because of the overwhelming evidence against Petitioner, counsel believed that the best approach was to go to trial to reduce the armed robbery charge to unarmed robbery and to avail his client of the best potential to receive sentencing concessions from the trial judge by waiving a jury trial.  Defense counsel's

13

strategy was based upon his experience and was designed to further his client's interests and to assist his client in making an informed choice.  Petitioner has not sustained his burden of overcoming the presumption that counsel's advice was sound strategy; his ineffective assistance of counsel claim therefore lacks merit.  *See, Sowell*, 372 F.3d at 837-38 (holding that counsel's mistaken advice that a three-judge panel would not impose the death penalty if a petitioner waived his right to a jury trial was not unreasonable); *Marshall v. Morgan*, 260 Fed. Appx. 789, 793-94 (6th Cir. Jan. 15, 2008) (indicating that counsel's advice to waive the right to a jury trial in order to diminish the possibility that a death sentence would be imposed constituted "sound trial strategy").  Petitioner is not entitled to habeas relief on this claim.

## VI. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B).  A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997).  In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA.  *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at

14

1072 ("[A] district judge who has just denied a habeas petition . . . . will have an intimate knowledge of both the record and the relevant law and could simply determine whether to issue the certificate of appealability when she denies the initial petition.")).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (quotation omitted). While the Court continues to believe that Petitioner is not entitled to a writ of habeas corpus for the reasons set forth above, the Court believes that the issues regarding defense counsel's advice that Petitioner should waive a jury trial to obtain a more favorable sentence may be "debatable among jurists of reason." For this reason, the Court does not believe that Petitioner should be denied the opportunity to seek appellate review regarding whether his jury waiver was made knowingly and voluntarily and whether defense counsel was ineffective for advising Petitioner to waive his right to a jury trial.

**VII. Conclusion**

For the reasons set forth above, **it is hereby ORDERED** that Petitioner's application for a writ of habeas corpus is **DENIED.**

**It is further ORDERED** that Petitioner is granted a certificate of appealability with respect to whether:

(1) Petitioner knowingly and voluntarily waived his right to a jury trial; and

(2) defense counsel was ineffective for advising Petitioner to waive his right to a

jury trial.


                                           s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies To:
Jonston Marland, #140714
Carson City Correctional Facility
P.O. Box 5000
Carson City, MI 48811

Debra Gagliardi, A.A.G.

16